

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHRISTINA SAGE and BRYAN SAGE,  )
      Plaintiffs,  )
      v.  )          3:09-cv-689-RCJ-VPC
BNC MORTGAGE, INC. et al.,  )      **ORDER**
      Defendants.  )
_____  )

Currently before the Court are a Motion to Remand (#6), a Motion to Stay All Proceedings Pending Motion to Remand (#7), a Motion to Dismiss by Defendant T.D. Service Company (#14), a Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation (#20), a Renewed Motion to Dismiss Complaint Against T.D. Service Company (#30), a Motion to Dismiss by Defendant Cooper Castle Law Firm (#31), and a Motion to File First Amended Complaint (#34).

## BACKGROUND

### I. Procedural History

In November 2009, Defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. filed a petition for removal and attached the original complaint. (Pet. for Removal (#1); Compl. (#1-2, 1-3)). In the complaint, Plaintiffs Christina and Bryan Sage ("Plaintiffs") sued Defendants BNC Mortgage, Inc., Merscorp, Inc., Morgage Electronic Registration System, Inc., T.D. Service Company, U.S. Bank National Association, Cooper Castle Law Firm, LLP, Option One Mortgage Corporation, Beach Mortgage, Inc., Leslie Beach, and Lewis Carr (collectively "Defendants"). (Compl. (#1-2) at 4). Plaintiff alleged the following

1 causes of action: (1) violation of Unfair Lending Practices, NRS § 598D.100; (2) conspiracy
2 to commit fraud and conversion; (3) permanent injunction; (4) declaratory relief; (5) wrongful
3 foreclosure; (6) fraud through omission; (7) quiet title action; (8) contractual breach of the duty
4 of good faith and fair dealing; (9) tortuous breach of the implied duty of good faith and fair
5 dealing; (10) civil conspiracy; (11) racketeering, NRS § 207.470; (12) unjust enrichment; (13)
6 conspiracy to commit fraud related to MERS System; and (14) fraud in the inducement.
7 (Compl. (#1-3) at 5-27).

8      In February 2010, the United States Judicial Panel on Multidistrict Litigation transferred
9 this case to Judge Teilborg, MDL Case No. 2119. (Conditional Transfer Order (#22)). In April
10 2010, this Court stayed all proceedings in this case pending Judge Teilborg's remand order.
11 (Order to Stay (#25)).

12      In June 2010, Judge Teilborg issued an amended MDL remand order on this case.
13 (Am. Order (#27) at 1). In his order, Judge Teliborg remanded claim 1 and part of claims 3,
14 4, 10, 11, and 12 back to this Court. (*Id.* at 8).

15      The last filing in this case occurred on December 14, 2011. (*See* Docket Sheet (#47)).

16 **II.**     **Foreclosure Facts**

17      Plaintiff Christina Sage, a married woman as her sole and separate property, executed
18 a note secured by a deed of trust on a piece of property located at 4255 St. Clair Road, Fallon,
19 Nevada 89406, which was recorded in Churchill County on January 5, 2006. (Deed of Trust
20 (#32-2) at 8, 10). The mortgage, dated December 29, 2005, was for $207,000. (*Id.* at 9). The
21 lender on the deed of trust was BNC Mortgage, Inc. (*Id.* at 8). The trustee on the deed of trust
22 was T.D. Service Company. (*Id.* at 9). The Mortgage Electronic Registration System, Inc.
23 ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and
24 claimed to be the beneficiary[1] under the security instrument. (*Id.*).

25      On October 1, 2008, Plaintiff defaulted on her mortgage. (*See* Notice of Default (#32-2)
26 at 34). On February 2, 2009, MERS executed an assignment of the deed of trust and granted

27

28     [1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

1  U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust (SAIL
2  2006-2) all beneficial interest under the deed of trust. (Assignment of Deed of Trust (#32-2)
3  at 30).

4      On February 20, 2009, U.S. Bank National Association executed a substitution of
5  trustee substituting The Cooper Castle Law Firm, LLP as the trustee for T.D. Service
6  Company. (Substitution of Trustee (#32-2) at 32).

7      On April 2, 2009, The Cooper Castle Law Firm filed a notice of default and election to
8  sell with the Churchill County Recorder's office. (Notice of Default (#32-2) at 34-35). The
9  notice of default identified the breach of obligations as the "installment of principal, interest,
10 impounds and late fees which became due on October 1, 2008 together with all subsequent
11 installments of principal, interest, impounds, late fees and foreclosure fees and expenses."
12 (*Id.* at 34).

13                                    **DISCUSSION**

14 **I.      Plaintiffs' Motion to Remand (#6)[2]**

15     Plaintiffs move to remand the case back to the Third Judicial District Court in Churchill
16 County because there is no federal question jurisdiction and no diversity jurisdiction. (Mot. to
17 Remand (#6) at 3, 17). The Court denies this motion as moot because Judge Teilborg
18 adressed this same motion in the MDL case and denied the motion. (*See* Mot. to Amend
19 Compl. (#34) at 2-3). Judge Teilborg stated that "Plaintiffs seek to remand these cases for
20 lack of jurisdiction despite the fact that the complaints contain reference to federal law
21 violations such as the Truth in Lending Act." (*Id.* at 3). To the extent that this motion is not
22 moot, this Court denies Plaintiffs' motion to remand based on the same rationale as Judge
23 Teilborg. As such, there is federal question jurisdiction and the Court denies the Motion to
24 Remand (#6).

25 ///
26 ///
27

28      [2] Plaintiffs file a Motion to Stay All Federal Proceedings Until the Motion to Remand is
   Heard (#7). The Court denies this motion as moot.

                                        3

1   **II.   Renewed Motion to Dismiss Complaint Against T.D. Service Company (#30)[3]**

2       T.D. Service Company ("TD") files a motion to dismiss the six remanded claims.

3   (Renewed Mot. to Dismiss (#30) at 10).  TD notes that Plaintiffs only make two factual

4   allegations against it in the complaint. (*Id.* at 4). TD asserts that it had no involvement in the

5   foreclosure proceedings because The Cooper Castle Law Firm had been duly substituted as

6   trustee prior to the recording of the notice of default. (*Id.* at 10).

7       Plaintiffs filed a notice of intent to withhold response to the motion to dismiss pending

8   a ruling on the motion for leave to file first amended complaint. (Notice of Intent (#35) at 1-2).

9       TD correctly notes that Plaintiffs only made two factual allegations against it. Paragraph

10  24 states that "Defendant T.D. Service Company is believed to be a foreign corporation and

11  the named Trustee of the Note held on Plaintiff's property as stated in Churchill County

12  Recorder's document no. 378012." (Compl. (#1-2) at 23).  Paragraph 26 states that:

13      U.S. BANK NATIONAL ASSOCIATION, as Trustee for STRUCTURED ASSET
        INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES,
14      SERIES 2006-2 is a foreign corporation not registered to do business in the
        State of Nevada, and is represented by COOPER CASTLE LAW FIRM, LLP, a
15      registered Nevada corporation which states on the Churchill County Recorder's
        Document no. 406230 entitled Notice of Breach of Default, that they [COOPER
16      CASTLE LAW FIRM, LLP] is the duly appointed Trustee under Deed of
        Trust . . . when in fact the named trustee on said Deed of Trust . . . is in fact
17      named as: T.D. Service Company.

18  (*Id.* at 24).

19      The Court dismisses all remanded claims against TD without leave to amend.  The

20  deed of trust demonstrates that TD was the original trustee.  The substitution of trustee

21  demonstrates that Cooper Castle was properly substituted as the trustee before Cooper Castle

22  filed the notice of default.  As such, TD was not the trustee at the time of foreclosure.

23  Additionally, Plaintiffs make no allegations that state a cause of action against TD. The Court

24  grants TD's Renewed Motion to Dismiss (#30) in its entirety without leave to amend.

25

26      [3] The Court denies T.D. Service Company's original Motion to Dismiss Complaint (#14)
27  as moot because T.D. Service Company later filed a renewed motion to dismiss that only
    addressed the remanded claims.  The Court denies the Motion to Stay All Proceedings
28  Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation (#20) as moot
    because the Court honored that request in a separate order. (*See* Order (#25)).

4

III.     **The Cooper Castle Law Firm, LLP's Motion to Dismiss (#31)**

Cooper Castle moves to dismiss the remanded claims. (Mot. to Dismiss (#31) at 1). Cooper Castle asserts that, as of the date of the motion's filing, June 21, 2010, there has been no foreclosure sale. (*Id.* at 3). Cooper Castle asserts that it did not violate NRS § 598D.100 because it was not a lender for the transaction. (*Id.* at 6). Cooper Castle asserts that the conspiracy claim fails because it foreclosed on the property according to Nevada law. (*Id.* at 7). Cooper Castle argues that the racketeering claim fails because it followed Nevada foreclosure law and Plaintiffs do not allege that any crime was committed. (*Id.* at 8). Cooper Castle alleges that the claim for unjust enrichment fails because there are no facts to support such a claim. (*Id.*). Cooper Castle asserts that Plaintiff is not entitled to injunctive relief or declaratory relief because Plaintiff is not likely to succeed on the merits. (*Id.*).

Plaintiffs filed a notice of intent to withhold response to the motion to dismiss pending a ruling on the motion for leave to file first amended complaint. (Notice of Intent (#35) at 1-2).

The Court grants Cooper Castle's motion to dismiss the remanded claims in its entirety without leave to amend for the reasons argued by Cooper Castle. The Court further notes that Cooper Castle was a properly substituted trustee who lawfully filed a notice of default on the property. *See Gomez*, 2009 WL 3617650 at *2 (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). As such, the Court grants the motion to dismiss (#31).

The Court *sua sponte* dismisses with prejudice all remaining defendants in this case because the foreclosure was proper.[4]

IV.     **Motion for Leave to File First Amended Complaint (#34)**

Plaintiffs seek leave to file a first amended complaint withdrawing any alleged federal claims from the original complaint. (*See* Mot. for Leave (#34) at 1-2). Plaintiffs' proposed amended complaint seeks to add new defendants such as Stewart Title and Western Nevada

---

[4] The remaining defendants are: BNC Mortgage, Inc., Beach Mortgage, Inc., Leslie Beach, and Lewis Carr.

Title Company. (Proposed Compl. (#34-2) at 2). Plaintiffs' proposed amended complaint contains the following causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) violation of Unfair and Deceptive Trade Practice Act; (5) violation of Unfair Lending Practices, NRS § 598D.100; (6) violation of the covenant of good faith and fair dealing; (7) violation of NRS § 107.080; (8) quiet title action; (9) fraud through omission; (10) fraud in inducement; and (11) unjust enrichment. (*Id.* at 19-46).

The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

The Court denies the motion for leave to amend (#34) because, as stated above, the Defendants properly foreclosed on the property.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Remand to State Court (#6) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay All Proceedings Pending Motion to Remand (#7) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Dismiss by Defendant T.D. Service Company (#14) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation (#20) is DENIED as moot.

IT IS FURTHER ORDERED that the Renewed Motion to Dismiss Complaint Against T.D. Service Company (#30) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Motion to Dismiss by Defendant Cooper Castle Law Firm (#31) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Motion to File First Amended Complaint (#34) is

1  DENIED.

2      IT IS FURTHER ORDERED that the Court *sua sponte* DISMISSES all remaining

3  defendants with prejudice and orders any lis pendens on the property expunged.

4      The Clerk of the Court shall enter judgment accordingly.

5

6  DATED: This 17th day of May, 2013.

7

8  _____
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7